Shaw, C. J.
Supposing the promise contained in the defendant’s letter, in answer to the plaintiff’s proposition, to be made on a good consideration, the defendant not being the owner of the land, and having but a remote and contingent interest in it, the promise was purely personal and must be construed strictly according to its terms. Spencer v. Marriott, 1 B. & C. 457. Such a promise to pay for the wall, in any contingency, was not asked for by the plaintiff’s letter, and the bargain without it would probably have been a beneficial one to the plaintiff, because it would have enabled him, without building a more expensive wall, than he must have built on his own land, to gain half a foot of land in the whole line. It is also quite, probable, that the plaintiff made his proposal under a belief that the defendant was the owner of the land; and he seems to have expected nothing more than a license to erect the one half of the wall on the trust-estate, which he did do, and had the benefit of it. But, by thus building on the land of another, without a stipulation for leave to remove it, the wall became the property of the owner of the soil on which it was built.
Considering the stipulation in the defendant’s letter as a promise upon a legal consideration, it was personal, conditional, and to be construed strictly; and the court are of opinion, that the act of the defendant, in joining with his wife in a deed expressing their assent to a conveyance by the trustees, was not making use of the wall upon any occasion or for any purpose of his own, within the meaning and terms of the promise relied on, and that the direction of the judge of the court of common pleas was right.

Exceptions overruled.